*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0959**

State of Minnesota,
Respondent,

vs.

K.K.O.,
Appellant.

**Filed December 1, 2014
Reversed and remanded
Rodenberg, Judge**

Mower County District Court
File No. 50-JV-11-2812

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Kristen Nelson, Mower County Attorney, Aaron Jones, Assistant County Attorney, Austin, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Susan J. Andrews, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Rodenberg, Presiding Judge; Kirk, Judge; and Huspeni, Judge.[*]

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**RODENBERG**, Judge

Appellant K.K.O. challenges the district court's revocation of appellant's extended jurisdiction juvenile (EJJ) designation and its execution of appellant's stayed prison sentence. We reverse and remand.

**FACTS**

In November 2011, after the district court designated appellant an EJJ, appellant pleaded guilty to one count of first-degree burglary. Appellant was sentenced to a stayed 48-month prison term and placed on probation until his 21st birthday. One of several conditions of probation required appellant to complete programming at MCF-Red Wing. He completed the program and was released from MCF-Red Wing in April 2013 and remained on probation.

In July 2013, a probation violation hearing was held. Appellant admitted to committing misdemeanor theft, missing three appointments with his probation officer, failing to pay restitution, and forging his mother's signature on a "release of information" form. The district court adopted the joint recommendation of the prosecutor and the probation officer and continued appellant's probation and EJJ status.

In March 2014, a second probation violation hearing was held. At this hearing, appellant admitted, among other violations of his probation, that he failed to pay restitution, he received citations for speeding which, after remaining unpaid, led to the suspension of his driver's license, and he thereafter was cited three times for driving after suspension.

2

The district court made the following findings: (1) appellant previously appeared for violations of his probation and admitted to those violations; (2) another report of appellant's violation of probation was filed in March 2014 and appellant admitted those violations, including failing to adhere to appointments with his probation officer, failing to pay restitution, and failing to remain law-abiding; and (3) the violations were material. After making these findings, the district court revoked appellant's EJJ status and executed the previously stayed adult sentence of 48 months. This appeal followed.

## D E C I S I O N

Appellant argues that the district court failed to make a required finding of fact concerning whether the need for appellant's confinement outweighs the policies favoring probation, citing *State v. Austin*, 495 N.W.2d 246, 250 (Minn. 1980) and *State v. B.Y.*, 659 N.W.2d 763, 772 (Minn. 2003). Respondent State of Minnesota concedes that the district court erred and requests remand for additional findings. We review de novo whether the district court made the findings required by *Austin* and *B.Y.* *State v. Modtland*, 695 N.W.2d 602, 605 (Minn. 2005).

Minnesota Rule of Juvenile Delinquency Procedure 19.11, subd. 3(C)(1)-(2) codifies the holding in *B.Y.* and provides that, if the "probationer admits" violating the disposition order, the district court "may revoke the probationer's [EJJ] status," and, if the district court decides to execute a stayed sentence after revocation, it "must make written findings that (a) one or more conditions of probation were violated; (b) the violation was intentional or inexcusable; and (c) the need for confinement outweighs the policies favoring probation." Minn. R. Juv. Delinq. P. § 19.11, subd. 3(C)(1)-(2) (2012).

3

A written finding that "the need for confinement outweighs the policies favoring probation . . . prevents [a district] court[,] from reflexively revoking probation when it is established that a defendant has violated a condition of probation." *Modtland*, 695 N.W.2d at 608.

The district court's only findings here were that appellant admitted violating conditions of his probation and that the violations were material. These written findings do not satisfy the requirements of Minn. R. Juv. Delinq. P. § 19.11, subd. 3(C)(2)(c), as the district court failed to make a written finding concerning whether the need for confinement outweighs the policies favoring probation. The district court also failed to make a written finding concerning whether appellant's probation violations were intentional or inexcusable as required by Minn. R. Juv. Delinq. P. § 19.11, subd. 3(C)(2)(b).

Because the district court did not make the findings required by Minn. R. Juv. Delinq. P. § 19.11, subd. 3(C)(2), we reverse and remand for further proceedings.

**Reversed and remanded.**